Donald P. Tremblay, Esq. (SBN #83109)
Maurile J. Tremblay, Esq. (SBN #187693)
**TREMBLAY BECK LAW, APC**
5330 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 699-4182
Facsimile: (858) 792-7768
Email: dontremblay@mac.com
Email: mjt@tremblaylaw.com

Attorneys for Defendant Famous Ramona Water, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES LOPEZ MEJIA, individually, and on behalf of all Others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>FAMOUS RAMONA WATER, INC; and DOES 1-10, inclusive,<br><br>             Defendants. | '25CV0863 LL   DEB<br>Case No. 25CU012335C<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant FAMOUS RAMONA WATER, INC. ("Defendant"), by and through its counsel of record, hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal is proper on the following grounds:

///

## I. STATEMENT OF THE CASE

1. On March 10, 2025, Plaintiff ULISES LOPEZ MEJIA ("Plaintiff") filed a Class Action Complaint against Defendant in the Superior Court of California, County of San Diego, entitled "Ulises Lopez Mejia, individually, and on behalf of all Others similarly situated v. Famous Ramona Water, Inc.; and Does 1 through 10, inclusive," Case No. 25CU012335C (the "State Court Action").

2. The Complaint asserts the following causes of action: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].

3. Defendant was served with the Complaint by substitute service on March 17, 2025, when the documents were left with Bree Heart, a front desk receptionist at Defendant's place of business where Bjarne Kjaer, the authorized agent for service of process, maintains an office. Copies were subsequently mailed on the same date. This Notice of Removal is therefore timely filed within 30 days after service of the Complaint upon Defendant, as required by 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

## II. BASIS FOR REMOVAL JURISDICTION

5. The above-described action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), which provides federal jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state." This statute establishes alienage jurisdiction when the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. Upon information and belief, Plaintiff is a citizen of Mexico who resides in California. At the time of his employment with Defendant, Plaintiff presented a visa indicating he was a Mexican citizen residing in California. Defendant is incorporated in Nevada with its principal place of business in San Diego, California, making it a citizen of Nevada for diversity purposes. Therefore, this action involves a controversy between a citizen of a foreign state (Mexico) and a citizen of a U.S. state (Nevada), satisfying the diversity requirement under 28 U.S.C. § 1332(a)(2).

8. The amount in controversy for Plaintiff's individual claims exceeds $75,000, exclusive of interest and costs. Although Plaintiff's Complaint does not allege a specific amount of monetary damages, where the complaint does not specify a particular amount, the removing defendant need only establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Plaintiff worked for Defendant from approximately July 2022 to January 2025, a period of approximately two and a half years. His claims include unpaid minimum wages, unpaid overtime wages, meal and rest period premium wages, unreimbursed business expenses, waiting time penalties, statutory penalties for inaccurate wage statements, and attorneys' fees. Even a conservative calculation of these claims—considering the statutory penalties, premium pay requirements, and attorneys' fees recoverable under the California Labor Code—shows that the amount in controversy exceeds $75,000 when aggregated across the 2.5-year employment period.

**III. PROCEDURAL REQUIREMENTS**

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Southern District of California is the federal

judicial district embracing the Superior Court of California, County of San Diego, where the State Court Action was originally filed.

10. This Notice of Removal is timely filed within thirty (30) days after service of the Complaint upon Defendant, as required by 28 U.S.C. § 1446(b). The Complaint was served on Defendant by substitute service on March 17, 2025, when the documents were left with a front desk receptionist at Defendant's place of business where Bjarne Kjaer, the authorized agent for service of process, maintains an office, with copies subsequently mailed on the same date, making this Notice of Removal due no later than April 16, 2025.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be filed with the Clerk of the Superior Court of California, County of San Diego.

12. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law. In particular, Defendant expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or to compel arbitration based on the arbitration agreement signed by Plaintiff.

**IV. CONCLUSION**

13. Based on the foregoing, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332(a)(2), 1441, and 1446.

WHEREFORE, Defendant respectfully requests that the above-captioned action pending in the Superior Court of California, County of San Diego, be removed to the United States District Court for the Southern District of California.

TREMBLAY BECK LAW, APC

Dated: April 11, 2025     By:    /s/ Donald P. Tremblay
                                 DONALD P. TREMBLAY
                                 MAURILE J. TREMBLAY
                                 Attorneys for Defendant
                                 FAMOUS RAMONA WATER, INC.