UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ULISES LOPEZ MEJIA, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

FAMOUS RAMONA WATER, INC; and DOES 1-10, inclusive,

Defendants.

Case No.: 25-cv-863-LL-DEB

**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND TO ENFORCE THE STAY PENDING ARBITRATION;**

**ORDER DENYING DEFENDANT'S ALTERNATIVE REQUEST FOR RELIEF FROM THE DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

[ECF No. 10]

Pending before the Court is Defendant Famous Ramona Water's ("Defendant") Motion to Set Aside Plaintiff's Notice of Voluntary Dismissal and to Enforce the Stay Pending Arbitration; or, alternatively, for Relief from the Dismissal Under Federal Rule of Civil Procedure 60(b). ECF No. 10. Ulises Lopez Mejia ("Plaintiff") filed an Opposition to the Motion. ECF No. 11. Defendant filed a Reply. ECF No. 12. Having reviewed the parties' briefs, and for the reasons set forth below, the Court **DENIES** Defendant's Motion.

/ / /

## I. BACKGROUND

Plaintiff filed a wage-and-hour class action complaint in March 2025, and on April 11, 2025, Defendant removed the action to federal court. ECF Nos. 1, 1-2. Plaintiff's operative complaint alleges claims "for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements." ECF No. 1-2 ¶ 1. On July 7, 2025, this Court granted the parties' Joint Motion to Compel Arbitration and Stay Action Pending Arbitration. ECF No. 7. Plaintiff dismissed the purported class claims pursuant to the parties' arbitration agreement and all claims that remained in Plaintiff's operative complaint and subject to the arbitration were on an individual basis. *Id.* Defendant never filed an Answer or a Motion for Summary Judgment. *See* Docket.

After the Court entered the July 7, 2025 Order granting the motion to compel, the parties proceeded to arbitration before the Honorable Larry A. Burns (Ret.) ("arbitrator") at Judicate West. ECF No. 10-1 at 3; ECF No. 11 at 5. On May 1, 2026, Defendant's counsel questioned Plaintiff regarding his immigration status and immigration-related documents. ECF No. 11-2 ¶ 7, Decl. of Plaintiff Ulises Mejia in support of Plaintiff's Opposition to Defendant's Motion to Set Aside Dismissal ("Mejia Decl."). On May 21, 2026, the arbitrator issued an order resolving several pending discovery disputes, including (1) requiring Plaintiff to submit his phone to Defendant for a limited examination of a recorded conversation and (2) allowing Defendant to contact Plaintiff's former employer for information about Plaintiff's immigration status. *see* ECF No. 10-1 at 3; ECF No. 11 at 5–6; *see also* ECF No. 11-1, Decl. of Mariam Ghazaryan ("Ghazaryan Decl.").

On June 2, 2026, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) in which Plaintiff sought to voluntarily dismiss the action in its entirety, without prejudice. ECF No. 8. Defendant opposed this dismissal and

filed the instant Motion alleging that Plaintiff performed a "tactical exit" to "escape" an unfavorable arbitration ruling. ECF No. 10-1 at 2–3, 6. Plaintiff asserts that his Rule 41(a) Notice of Voluntarily Dismissal was self-executing and automatically terminated this action. ECF No. 11 at 7. Plaintiff notes that "[h]ere, there is no dispute that Defendant did not file either an answer or motion for summary judgment" and that the Federal Arbitration Act, 9 U.S.C. § 3, does not restrict a Plaintiff's right to voluntarily dismiss. *Id.* at 8. Plaintiff also submitted a Declaration in support of the Opposition to the instant Motion that during the pendency of the arbitration, he learned of Immigration and Customs Enforcement ("ICE") officers coming to his residence and asking for him on two occasions. Mejia Decl. ¶ 5. Plaintiff states that "after ICE Officers came to my residence and after learning that Defendant was seeking immigration-related information through third-party subpoenas, I became genuinely fearful of continuing to pursue my individual claims through arbitration." *Id.* ¶ 8. Accordingly, Plaintiff states that he dismissed his "individual claims without prejudice because [he] no longer felt safe continuing to pursue them." *Id.* ¶ 10.

Plaintiff also argues that Defendant's alternative request for relief under Federal Rule of Civil Procedure 60(b) should also be denied because Defendant fails to identify neither a qualifying mistake nor extraordinary circumstances that warrants relief from Plaintiff's voluntary dismissal. ECF No. 11 at 12.

## II. LEGAL STANDARD

Under Rule 41(a), a plaintiff may voluntarily dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Courts have interpreted Rule 41(a)(1)(A)(i)'s language literally, holding that a plaintiff may voluntarily dismiss an action any time before a defendant files an answer or motion for summary judgment. *See Am. Soccer Co. v. Score First Enters., a Div. of Kevlar Indus.*, 187 F.3d 1108, 1112 (9th Cir. 1999) ("The literal terms of the rule apply: if the defendant has not served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the suit without interference from the

district court."); *see also Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987) ("If a defendant desires to prevent a plaintiff from voluntary dismissal under Rule 41(a)(1)(i), it may do so by merely filing an answer or motion for summary judgment."). Other types of filings or motions by the defendant, such as motions to dismiss, do not bar the plaintiff's right to dismiss voluntarily by notice. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion[.]"). Where the plaintiff has the right to dismiss voluntarily, the dismissal notice is "self-executing" and "requires no action on the part of the court." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145–46 (9th Cir. 2008).

Also relevant to the motion is that Rule 60(b)(1) provides that the court may relieve a party from a final judgment or order for excusable neglect, and under Rule 60(b)(6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party making the motion bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty, Jail*, 502 U.S. 367, 383 (1992). "Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1099 (9th Cir. 2006). "For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel . . . includ[ing] not only an innocent, albeit careless or negligent attorney mistake, but also intentional attorney misconduct." *Id.* at 1101. Rule 60(b)(6) provides relief from the operation of a judgment when a movant demonstrates extraordinary circumstances justifying the requested relief. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013). The rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevent a party from timely action to prevent or correct an erroneous judgment. "[A] party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Latshaw*, 452 F.3d at 1103.

/ / /

## III. DISCUSSION

Defendant argues in the instant Motion that: (1) Plaintiff's voluntary dismissal did not terminate the action and the action remains stayed pending arbitration, (2) if the voluntary dismissal did terminate the action, the Court should grant relief from the dismissal and restore the stay, (3) the Court should retain jurisdiction over collateral issues related to this matter, and (4) the Court should explicitly state that the closing of this action is not a completion of the arbitration. ECF No. 10. The Court will address each of these issues in turn as set forth below.

### A. Plaintiff's Voluntary Dismissal

Defendant argues that Plaintiff's voluntary dismissal did not terminate this action because Rule 41(a)(1) is "subject to" the Federal Arbitration Act ("FAA"), which "requires this already-stayed, arbitrable action to remain stayed." ECF No. 10-1 at 4. Defendant's position is not supported by any controlling law.

As an initial matter, there is nothing in the FAA that eliminates a plaintiff's right to voluntarily dismiss their claims under Federal Rule of Civil Procedure 41(a). *See generally* 9 U.S.C. §§ 1–16. Defendant cites to the Section 3 of the FAA to argue that "FAA Section 3 is an applicable federal statute that mandated the stay this Court entered and forbade dismissal." ECF No. 10-1 at 5. Section 3 of the FAA provides that the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Although the statute is clear that the district court should stay (and not dismiss) an action pending arbitration, it does not prohibit a plaintiff from voluntarily dismissing an action under Rule 41(a) when a stay has been entered.

Defendant's reliance on *Smith v. Spizzirri* and *Langere v. Verizon Wireless Servs., LLC* is unavailing. 601 U.S. 472, 475–76 (2024). The court in *Smith* specifically addressed a court's ability to dismiss a case when parties have agreed to arbitration, not a plaintiff's ability to do so. *Id*. (holding that a district "court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration"). The holding in *Smith* does not apply here where the issue is whether a plaintiff can voluntarily dismiss his claims

pursuant to Rule 41(a). Defendant also relies on *Langere* to argue that the "same anti-circumvention principle applies here: a plaintiff should not be permitted to deploy Rule 41 to escape a stayed, court-supervised arbitration and the orders entered in it." ECF No. 10-1 at 6 (citing *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115 (9th Cir. 2020)). Defendant's reliance on *Langere* is also misplaced. *Langere* involved a plaintiff who voluntarily dismissed his lawsuit in federal court with prejudice specifically to obtain an immediate state court appeal of the order compelling arbitration. *Id.* at 1117. The *Langere* court held that plaintiff's voluntary dismissal did not create appellate jurisdiction and reasoned that the FAA "endeavors to promote appeals from orders barring arbitration and limit[s] appeals from orders directing arbitration." *Id.* at 1118 (citation omitted); *see also Sperring v. LLR, Inc.*, 995 F.3d 680, 682 (9th Cir. 2021) (dismissing an appeal because "[a]ppellants, like *Langere*, voluntarily dismissed their action with prejudice in an attempt to obtain an appealable final judgment *following an order compelling arbitration*") (emphasis added). Here, unlike the plaintiff in *Langere*, Plaintiff's voluntary dismissal is sought without prejudice and Plaintiff is not seeking appellate review of the order compelling arbitration. Accordingly, the Court finds that *Langere* is not applicable to this case.

In sum, under applicable precedent, and the procedural posture of this case where Defendant has not filed an Answer or a Motion for Summary Judgment, Plaintiff's voluntary dismissal of his claims without prejudice under Federal Rule of Civil Procedure 41(a) terminated this action. Accordingly, the Court **DENIES** Defendant's Motion to Set Aside Plaintiff's Voluntary Dismissal and to Enforce the Stay Pending Arbitration.

**B. Defendant's 60(b) Motion**

Defendant argues that "in the alternative, if the Court concludes the Notice was self-executing, it should grant relief from the dismissal under Rule 60(b) and restore the stay." ECF No. 10-1 at 7. Defendant argues that Rule 60(b)(1) permits relief for "mistake," which the Supreme Court has held to include "errors of law." ECF No. 10-1 at 7 (citing *Kemp v. United States*, 596 U.S. 528 (2022)). Defendant argues that "treating a Rule 41 notice as a

permissible exit from an action that § 3 required to remain stayed would be such a legal error, and reopening it is the appropriate corrective." ECF No. 10-1 at 7. Defendant also argues that the Court could alternatively grant relief from the dismissal under Rule 60(b)(6) which allows for "any other reason that justifies relief." *Id*. In support of Rule 60(b)(6) relief, Defendant argues that "Plaintiff used the notice not to abandon his claims but to relocate his litigation to a separate forum, while the arbitrator's production order remained outstanding and uncompiled with, in derogation of the stay he himself sought." *Id.*

Plaintiff opposes on the grounds that "Defendant has not demonstrated extraordinary circumstances warranting relief under Rule 60(b)" noting that "the moving party bears the burden of demonstrating that one of Rule 60(b)'s enumerated grounds exists." ECF No. 11 at 12. Plaintiff argues that "[he] exercised a procedural right under Rule 41(a)(1)(A)(i), and Defendant identifies neither a qualifying mistake nor extraordinary circumstances that warrants relief from Plaintiff's voluntary dismissal." *Id.*

As an initial matter, the Court reiterates that Rule 60(b) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevent a party from timely action to prevent or correct an erroneous judgment. *Latshaw*, 452 F.3d at 1103. "[A] party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Id*. The Court finds that Defendant has not met its burden.

Defendant's reliance on *Kemp* to support the argument that the Court's ruling that the Notice of Voluntary Dismissal terminates the case is a "mistake" of law under Rule 60(b)(1) is without merit. 596 U.S. at 528. In *Kemp*, petitioner was convicted of various drug and gun crimes, and the appeals court consolidated his appeals with his co-defendants and affirmed their convictions and sentences. *Id.* Petitioner moved to vacate his sentence under 28 U.S.C. § 2255, and sought relief from the district court's legal error in denying his own motion to vacate his sentence as untimely. *Id.* The appeals court found that "regardless of whether 'mistake' in Rule 60(b)(1) carries its ordinary meaning or legal

meaning, it includes a judge's mistakes of law." *Id.* at 529. Notably, *Kemp* was decided in the appellate court. On the contrary, here, Defendant's suggestion that the district court find its own ruling to be a mistake of law for purposes of Rule 60(b)(1) is illogical given that this Court is following controlling precedent to allow the Rule 41(a) voluntary dismissal to terminate this action. Defendant fails to cite any controlling authority to support the argument for relief under Rule 60(b)(1).

Similarly, Defendant has not demonstrated grounds for relief from the dismissal under Rule 60(b)(6) which allows for "any other reason that justifies relief." Specifically, Defendant has failed to demonstrate extraordinary circumstances justifying the Court set aside the order. *Jones v. Ryan*, 733 F.3d at 833. As already set forth herein, denying plaintiff his right to voluntarily dismiss an action in this procedural posture would depart from Ninth Circuit and Supreme Court precedent. *See e.g.*, *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1533 (9th Cir. 1987) ("[Plaintiff] appeals the District Court's order which denied him the right to voluntarily dismiss his complaint under Rule 41(a)(1)(i). [Plaintiff] contends the rule confers an absolute right upon a plaintiff to dismiss an action by filing a notice of dismissal prior to an answer or a motion for summary judgment. We agree and reverse the order of the District Court."); *see also Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305, 308 (2025) ("Since [defendant] had not yet served an answer or moved for summary judgment, [plaintiff's] dismissal was effective without any court action."). Accordingly, the Court **DENIES** Defendant's Motion for Relief from the Dismissal under Rule 60(b).

### C. Defendant's Additional Requests Regarding Retaining Jurisdiction Over Collateral Matters and for the Court to Confirm the Effect of the Dismissal

In light of the Court's finding that Plaintiff's Notice of Voluntary Dismissal terminates this action, the Court declines to make additional findings regarding the extent of the Court's jurisdiction over potential collateral matters including costs and fees in this case. *See, e.g., Partington v. Gedan*, 961 F.2d 852, 862 (9th Cir. 1992) ("At this stage, any

ruling from a federal district court would be an advisory opinion, something federal courts cannot give."). Additionally, the Court declines Defendant's request to characterize the significance of the effect of this Court's ruling on the separate PAGA action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Plaintiff's Notice of Voluntary Dismissal and to Enforce the Stay Pending Arbitration, or, alternatively, for Relief from the Dismissal Under Federal Rule of Civil Procedure 60(b) is **DENIED**. Plaintiff's Notice of Voluntary Dismissal is granted and this case is hereby dismissed in its entirety, without prejudice. The Court instructs the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Honorable Linda Lopez
United States District Judge